**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**STEVE SHEPARD #428185,**
                    **PLAINTIFF,**

**-vs-**                                                    **Case No.  A-23-CV-01007-DII**

**TEXAS DEPARTMENT OF PUBLIC SAFETY,
SEX OFFENDER APPREHENSION AND
REGISTRATION, AND BELL COUNTY
SHERIFF'S OFFICE,**
                    **DEFENDANTS.**
_____

### ORDER

Plaintiff Steve Shepard, a detainee in the Montgomery County Jail, filed a civil-rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

STATEMENT OF THE CASE

Plaintiff alleges he was forced to register as a sex offender six years past his discharge date. According to Plaintiff he was sentenced June 12, 2003, to two years probation in Bell County, Texas and was given ten years "post private sex offender registration" with a discharge date of June 12, 2013.  Plaintiff claims the registering agency inexplicitly calculated his discharge date using March 25, 2006, as the start date, making his discharge date March 25, 2016.  Plaintiff asserts he was not actually discharged until June 2022 and his registration was not made private until 2018 or 2019.

Plaintiff names as defendants the Texas Department of Public Safety (DPS), Sex Offender Apprehension and Registration, and the Bell County Sheriff's Office.  However, in his request for relief he states he is suing the State of Texas, the Bell County Sheriff's Office, and DPS. He seeks damages for mental anguish and pain and suffering.  He also seek punitive damages.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Sovereign Immunity

Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court.  *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).  "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017).  Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  This bar extends not only to the state itself, but

also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.*

Plaintiff's claims against the State of Texas and the DPS are barred in federal court by sovereign immunity. Plaintiff fails to identify any exception to sovereign immunity. Accordingly, Plaintiff's claims against the State of Texas and DPS are dismissed.

C.    Entities Not Capable of Being Sued

The Bell County Sheriff's Office is not a legal entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the Bell County Sheriff's Office are dismissed.

Sex Offender Apprehension and Registration also is not an entity capable of being sued. Plaintiff does not identify the agency responsible for this office. However, the address Plaintiff provides for this defendant is for the Austin Police Department. A division within the police department is also without capacity for independent legal action. Therefore, Plaintiff's claims against Sex Offender Apprehension and Registration are also dismissed.

CONCLUSION

Plaintiff's claims against the State of Texas and DPS are barred by sovereign immunity. Sex Offender Apprehension and Registration and the Bell County Sheriff's Office are not entities capable of being sued. Accordingly, Plaintiff's complaint is dismissed.

Ordinarily, the Court would provide Plaintiff the opportunity to amend his complaint before dismissal.  However, in this case an amendment would be futile for a variety of reasons.

A.    Physical Injury Requirement

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), bars recovery of damages for mental anguish absent a showing that the plaintiff suffered a physical injury while in custody.  The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e).  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff does not allege any physical injury, therefore his claims for damages for mental and emotional distress are barred.

B.    Punitive Damages

While § 1997e(e) does not bar a plaintiff's request for punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), "punitive damages may be awarded only when the defendant's conduct "is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights."  *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (citations omitted).  Here, Plaintiff has alleged neither, nor does he posit any facts in support of his claims from which such an inference may be drawn.

C.    County or City Liability

Political subdivisions, cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior.  *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).  The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the

deprivation of a constitutional right.  *Id.*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115 (1992).  Thus, Bell County or the City of Austin would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage.  *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985).  A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy."  *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

Plaintiff fails to identify a policy, practice or custom of Bell County or the City of Austin that caused a deprivation of his constitutional rights.  His complaint is completely barren of factual support and wholly conclusory.

D.    Statute of Limitations

Finally, Plaintiff's claims are barred by the applicable statute of limitations.  The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts.  *Wallace v. Kato*, 549, U.S. 384, 387 (2007).  In Texas, that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994).  However, federal law determines when a § 1983 cause of action accrues.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).  A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action.  *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff alleges his discharge date was no later than March 25, 2016.  Plaintiff had reason to know of his injury in 2016, when he was required to register after his discharge date.  However, Plaintiff did not execute his complaint until August 16, 2023, more than seven years later.  Thus, his claims are time-barred.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on August 30, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

-6-